Brookens v. Labor Department of Labor, yes. Number 151568, Brookens v. Department of Labor. Ms. Jenkins. Yes, good morning. This is probably going to be the simplest case you're going to have today because there's nothing technical in it. This is about a brief that we tried to file with the MSPB that was rejected by the MSPB as being late. Ms. Jenkins, can you start where we are obliged to start, and that is this jurisdictional question. The jurisdictional question. I actually thought we were over that because we were here, so I can start with that. Just tell me if you have a different view of my view at the moment, which is the jurisdictional ruling. Didn't say it was doing it. Department of Justice counsel is here, not board counsel, so we are squarely, I think, in the land of Kleckner or Klockner. I don't know how to say it. Klockner. Klockner, thank you. And you haven't given up the underlying, I guess, age and race discrimination claims, so it seems to me we don't have jurisdiction, and if that's right, the only question is, do you want the case transferred? So tell me what's wrong with that. Well, if you determined that you don't have jurisdiction, I definitely want you to transfer this case. To where? Well, what Klockner says is that it probably should have been filed in district court. Right, but we don't just issue, we have to actually identify a Oh, exactly. I believe it should be here because I'm looking at your decision in Conforto that came after Klockner. Now, if you don't agree that it was a jurisdictional dismissal, which we believe it was a jurisdictional dismissal. How was it a jurisdictional dismissal? Because you filed late objections to the, I guess, EEO recommendation, and they said, we're not going to hear it, we're going to follow that recommendation. It more or less said we don't have authority. That our authority is foreclosed to me. I mean, I think you're just going to get a transfer, honestly, which you don't seem to be particularly unhappy with. I mean, it seems like that way you can get claims to district court, but they didn't really say we don't have authority. They said we're not going to wait for time like this. And that's kind of almost squarely within what they said in Klockner. Well, that is Klockner. That is. I did not come here to say, you know, you overruled the Supreme Court. No, I get it. I mean, thank you. Absolutely. I'm not trying to. I think you were a little wrong in your first statement to this court that this was the easiest case we're going to hear today because, frankly, all of this stuff about mixed case jurisdiction and when we can hear it and when we can't and when it has to go to district court is, frankly, I think, much more complicated than some of the other issues we hear. So I appreciate that why you wanted to come and argue today, but it seems to me that this really, the board had jurisdiction over your case, and they didn't say they didn't have jurisdiction. They just refused to waive a time deadline that they could or could not have waived. They could have. I mean, you asked them to waive it. They could have waived it, right? Yes. They just didn't do it. And the other thing is Jenkinson looking, excuse me, looking at the opinion, it issued a decision on the merits. The board didn't say we lacked jurisdiction. It said, based on a review of his decision, meaning the AJ's, we adopt the then said you have certain appeal rights. I mean, that's a decision on the merits. It's not a jurisdictional ruling. Well, to me, they looked at part of the merits and didn't look at the other part because they said we're foreclosed. To me, what I read in the decision, we are foreclosed from entertaining this, your exceptions to the AJ's. They didn't say we're foreclosed. They said we will not in this case. They didn't use that terminology. But courts do that all the time and tribunals do that all the time. If for some reason a party fails to file on time, the court can choose as a matter of discretion to accept the late filing or not to accept it. And that's not what they said. They didn't say we're exercising our discretion. They're saying because you did not follow section 1201.114 to the letter, we can't look at your exceptions. They did not say we're exercising our discretion not to do it. It was almost as though that provision, that regulation forecloses our jurisdiction to entertain your exceptions. That's why we're here. But if you determine that this was not a jurisdictional dismissal, then I agree with you that, you know, Klockner controls and that it should have been filed in the U.S. District Court for the District of Columbia. But as I said, this is a pro se appeal, started pro se at least. I came in later on. And even though, and I don't want to, you know, make any pretense to this court, Petitioner does have a law degree. That has not been his profession for the last 30, 35 years. He also has an economics degree and a master's in economics, and he has been an international economist. So he's not practiced law as such. So that this is a pro se, was a pro se filing to begin with. And I came in much later on. So if you determine that Klockner controls, then of course it has to be transferred. And I don't need to keep arguing that, and I don't probably need rebuttal. But what I don't want is the death knell of a legitimate claim. And I think, you know, you've adopted what the Supreme Court has said and what you said in Ford Motor Company, that you don't cause a death knell of a case because it's been filed improperly, otherwise a legitimate claim. And that's what I want. If you want to transfer to the district court for the District of Columbia, we'd welcome that. And we'd go back and we would do that. Okay, thank you. Good morning. Do you have an objection to transfer? The only objection that the government would raise to transferring the case to the District of Columbia or the District Court for the District of Columbia would be that it would be a waste of judicial economy to do so. The petitioner has failed to file a timely appeal. They had 30 days and they were notified in the final order from the MSBB that they had 30 days to file that appeal. But that is a question for the District Court, isn't it? That 30 day deadline is not jurisdictional. The District Court can determine to waive it or not. It's certainly not jurisdictional, Your Honor, is correct. However, given where we are- Was the appeal to us filed within 30 days or was it within the 60 day deadline? The appeal filed for this court was within the 60 day deadline. And so even if you were to equitably toll the deadline for the appeal for the District Court, as of the date that the appeal was filed in this court, we were still missing the deadline for District Court by 30 days. It seems like the confusion over whether to file here or not would be a reason that the District Court could excuse the failure to file within the 30 days. It certainly could be, Your Honor. In this case- Don't you really think that that's a decision that the District Court should make, not us? Surely that's a decision that the District Court can make, Your Honor, is correct. We'd just like to point out the fact that Mr. Brookins was represented by counsel when they received the final order. And as counsel points out, Mr. Brookins is educated in the law as well as counsel being educated and a member of the bar. Certainly it was on notice that this appeal was due either before the Federal District Court or this court within the time period prescribed by statute and failed to do so. Well, actually, the notice of appeal or the- to the petitioner's brief, it doesn't mention an appeal to this court, a possibility. It says you can go to the EEOC and then there's a reference also to the District Court. But there's no- unlike often- unlike the usual notice of appeal rights that we see in board decisions, there's no reference to the Federal Circuit. There is no- Your Honor's correct. There is no reference to the Federal Circuit. They're specifically directed- petitioners specifically directed either to make an appeal before the EEOC or the Federal District Court within 30 days. And counsel merely failed to do so. Well, it didn't merely. I mean, if the original Form 10 was intentional and not withdrawn and they were actually withdrawing the underlying age and race discrimination claims, then we could hear this. And did you think that that was something that Mr. Brookins was actually doing that or it was a mistake or what? Certainly, Your Honor. When we received the original or I believe it's marked amended, it's handwritten amended Form 10. I think it's- I forget which number on the docket it is. But when we received that Form 10 statement concerning discrimination, we understood that to mean that Mr. Brookins was waiving any discrimination claims. When we received the order from the court last week asking us to submit letters addressing the issue of jurisdiction and the statement concerning discrimination, as I mentioned in my letter, I contacted Ms. Lauderdale. I asked her to advise the government as to Mr. Brookins' position with respect to waiving any discrimination claims. And Ms. Lauderdale represented that that was not, in fact, Mr. Brookins' intention, that they intended to retain their ability or entitlement to waive any discrimination claims. And for that reason, we agree with the court that Klockner Controls and this matter ought to be dismissed because it's not properly before the court. So just as a matter of general practice, I, for one, would appreciate in a case like this that the department addresses jurisdiction, which is, as Judge Hughes was indicating, often messy. And when we have to go rooting around and figuring stuff out for ourselves that you may already have thought about, it's something of a waste of time. And we had to go through this process because it seemed, at least to me, awfully likely that this was unintentional on their part. And that's particularly true because most of these cases, unlike this one, are pro se. And this one was even pro se when filed. And so it's not always clear, particularly since Klockner was somewhat of a sea change in this area, that it's always important to put that jurisdictional question in, even if they seemingly weigh the questions in the Form 10, because often they don't quite understand that in the pro se context. Understood. If the panel has no further questions for the government, we respectfully request that this case be dismissed for lack of jurisdiction. Thank you. I just wanted to correct one thing. I think that Ms. Ethel said that we had agreed that the case should be dismissed. I'm not sure if that's what she said. I thought that's what I heard. But I know I think we understand you want the case transferred if we think Kleppner applies. We've got that. I just wanted to clarify that. And the fact that it was pro se, it showed you that Mr. Honestly, I don't think it matters. Kleppner is so confusing to me personally that even if you had done it as a lawyer, I don't think we would hold you to it. Okay. Thank you very much. Cases